UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>BALTAZAR LICEA-LOPEZ,<br><br>                              Defendant. | Case No.: 19-mj-23700-RNB-CAB<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE [Doc. No. 10]** |

Defendant Baltazar Licea-Lopez pleaded guilty to attempting to illegally enter the United States. On appeal, he argues that the Court's chosen method of adjudicating illegal entry cases violates equal protection and due process, and that 8 U.S.C. Section 1325 is unconstitutional because it violates the non-delegation clause and is impermissibly vague. He also argues that the complaint was deficient and that the magistrate judge erred by failing to advise Defendant that knowledge of alienage was a required offense element. [Doc. No. 19.] The Government filed an opposition [Doc. No. 21] and Defendant filed a reply [Doc. No. 22.] For the reasons set forth below, the Court DENIES the appeal [Doc. No. 10] and AFFIRMS the conviction and sentence.

BACKGROUND

On September 4, 2019, a Border Patrol agent spotted Defendant and three others walking through the brush, approximately six-and-a-half miles east of the Tecate Port of

1  Entry and two hundred yards north of the border. [Doc. No. 1.] Defendant admitted that
2  he was a citizen of Mexico without immigration documents to enter the United States. *Id.*
3  Defendant was arrested and charged with attempted illegal entry in violation of 8 U.S.C.
4  § 1325(a)(1), which provides that "any alien who … enters or attempts to enter the
5  United States at any time or place other than as designated by immigration officers" is
6  guilty of a misdemeanor. *Id.* Defendant's complaint alleged that he "knowingly and
7  intentionally attempted to enter the United States of America with the purpose, i.e.,
8  conscious desire, to enter the United States at a time and place other than as designated
9  by immigration officers . . . ." [Doc. No. 1.]

10       Following a complete Rule 11 colloquy, Defendant pleaded guilty, admitting that
11 he was not a citizen or national of the United States; that he entered the United States
12 from Mexico; that he intended to enter the United States at a place other than a
13 designated port of entry; and that he intended to enter the United States without being
14 detected or apprehended by immigration officers. [Doc. No. 17, Transcript of Change of
15 Plea Hearing, at 11-12.] Defense counsel did not object to the recitation of the elements
16 of the offense, and concurred that the above facts constituted an adequate factual basis for
17 the offense charged. *Id.* at 12. The Court accepted Defendant's guilty plea, and sentenced
18 him to time served. *Id.* at 21. This appeal follows.

19                                  LEGAL STANDARD

20       "A defendant may appeal a magistrate judge's judgment of conviction or sentence
21 to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); see also 18
22 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed.
23 R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the
24 court of appeals from a judgment entered by a district judge." *Id*. Defendant's appeal in
25 this case was timely filed.
26 / / / / /
27 / / / / /
28 / / / / /

DISCUSSION

A. Defendant Waived His Right to Raise Constitutional Objections to "Streamline Court."

Defendant argues that he was unconstitutionally treated differently that those prosecuted for petty offense through the Government's Central Violations Bureau. [Doc. No. 19 at 5.] The Ninth Circuit soundly rejected this argument, following a similar guilty plea, in *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (providing an unconditional guilty plea constitutes a waiver of the right to appeal such constitutional issues). Since Defendant's guilty plea was unconditionally made, he waived the right to raise any objections to "Streamline Court."

B. *Morales-Santana* Does Not Render Section 1325 Unconstitutional.

Defendant argues that *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. [Doc. No. 19 at 16.] This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g., United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*."). This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

C. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague.

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defendant argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal

provision without providing the executive branch official with an intelligible principle to guide the official's discretion. [Doc No. 19 at 20.] For the reasons set forth in *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), this Court finds that Section 1325, making it illegal for an individual to enter the United States other than a place designated by immigration officers, does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.... Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973). However, Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited. Individuals must enter the United States through a designated Port of Entry. Failure to do so by one who is not a citizen of the United States is a violation. There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement. Therefore, the statute is not unconstitutionally vague.

D. The Allegations in the Complaint Complied with FRCP 3 and 7(c).

Defendant argues that the charging document in this case was deficient because it failed to encompass the correct elements of § 1325(a)(1). [Doc. No. 19 at 21.] Under Federal Rule of Criminal Procedure 7, a charging document must include the "essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). A charging document "that tracks the words of the statute violated is generally sufficient" to allege the elements of an offense, but "implied necessary elements, not present in the statutory language" must also be included. *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995).

First, Defendant argues that the charging document in this case is deficient because it fails to allege that Defendant had " 'the specific intent to enter the country free from official restraint.' " [Doc. No. 19 at 22.] This argument is foreclosed by the Supreme

1 | Court's decision in *United States v. Resendiz-Ponce*, 549 U.S. 102, 107-08 (2007)([A]n
2 | indictment alleging attempted illegal reentry under § 1326(a) need not specifically allege
3 | a particular overt act or any other 'component par[t]' of the offense.... [I]t [i]s enough for
4 | the indictment in this case to point to the relevant criminal statute and allege that '[o]n or
5 | about June 1, 2003,' respondent 'attempted to enter the United States of America at or
6 | near San Luis in the District of Arizona.' ")(citations omitted). *See United States v.*
7 | *Ramos-Moran*, 2019 WL 4393670, at *3 (S.D. Cal. Sept. 13, 2019)(finding information
8 | alleging violation of § 1325(a)(1) sufficiently charged because the information's use of
9 | the word "attempt" encompasses the intent element of the offense). As such, the Court
10 | rejects Defendant's argument that the charging document is deficient because it fails to
11 | allege the specific intent element of the charged offense.

12 |      Second, Defendant argues that the charging document is deficient because it fails
13 | to allege that Defendant had knowledge of his alienage (i.e., that he knew he was not a
14 | United States citizen). [Doc. No. 19 at 22.]  Defendant argues that this specific mens rea
15 | element is required under the Supreme Court's decision in *Rehaif v. United States*, 139 S.
16 | Ct. 2191, 2195–97 (2019). However, *Rehaif* is inapplicable here. *See United States v.*
17 | *Velazquez-Hernandez*, 2020 WL 475272, at *5 (S.D. Cal. Jan. 28, 2020)("The question in
18 | *Rehaif* ... concerned 'the scope of the word "knowingly," ' with the Supreme Court
19 | holding 'knowingly' applied to 'both defendant's conduct and status.' In contrast, here,
20 | Congress did not incorporate a 'knowingly' requirement into the text of § 1325(a)(1)");
21 | *United States v. Nunez-Soberanis*, 406 F. Supp. 3d 835, 843 (S.D. Cal. Aug. 30, 2019)
22 | ("[T]he Court concludes that the rationale in *Rehaif* is not directly applicable to a
23 | prosecution under § 1325 and does not require the Government to allege or prove that
24 | Defendant knew he was an alien."). In sum, the Court rejects Defendant's challenges to
25 | the sufficiency of the charging document in this action.
26 | / / / / /
27 | / / / / /
28 | / / / / /

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision [Doc. No. 10] and **AFFIRMS** Defendant's conviction and sentence.

**IT IS SO ORDERED**.

Dated:  March 4, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge